

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JULIE DIANE HAIR, <br> a/k/a JULIE DIANE HANEY, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMISSIONER OF SOCIAL <br> SECURITY ADMINISTRATION, <br><br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 1:14-CV-107 |

**MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 636(c), the Local Rules for the United States District Court for the Eastern District of Texas, and the consent of the matters, this social security appeal is before the undersigned United States Magistrate for consideration of all matters, including entry of judgment. Pending before the Court for is the defendants' *Motion to Dismiss* (doc. #9).

**I.   Background**

Only the procedural history of the case bears upon the Court's decision on the defendant's motion. According to her complaint, on October 25, 2010, plaintiff Julie Diane Haney a/k/a Julie Diane Hair ("plaintiff" or "Ms. Hair") filed an application for disability benefits with the Social Security Administration. That claim was denied on March 29, 2011, and upon reconsideration on June 7, 2011. The plaintiff filed a written request for a hearing. An Administrative Law Judge (ALJ) conducted that hearing on January 25, 2012, in Houston, Texas, and then held a subsequent

hearing on April 13, 2012. On April 26, 2012, the ALJ issued his decision finding that Ms. Hair is not disabled. Ms. Hair sought review, and on April 15, 2013, the Appeals Council denied her request. On February 21, 2014, she filed her complaint in this court seeking review of denial of her request for benefits (doc. #1).

On July 10, 2014, the defendant Commissioner appeared in this case by filing her motion to dismiss (doc. #9), in which she argues that the plaintiff's complaint must be dismissed as untimely under Federal Rule of Civil Procedure 12(b)(6) because it was not filed within 60 days of the date she received notice of the Appeals Council's denial of her request for review. To date, the plaintiff has not filed a response to the motion to dismiss[1], which she received via certified mail (doc. #13).

**II.  Discussion**

The timeliness requirement of Section 205(g) of the Social Security Act represents a statute of limitation rather than a bar to jurisdiction. *See Triplett v. Heckler*, 767 F.2d 210, 211 (5th Cir. 1985). Accordingly, as the Commissioner points out in her motion, the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) applies, but when the court considers material outside the pleadings in deciding the motion, it should convert the Rule 12(b)(6) motion for dismissal into a Rule 56 motion for summary judgment. *Id.* at 211-12. Here, the Court will be considering documents outside of the pleadings - particularly the attachments to plaintiff's complaint and the affidavit of Patrick J. Herbst, Acting Chief of Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, attached to defendant's motion. Therefore, the undersigned

---

[1]Fifth Circuit precedent makes it improper for the Court to automatically grant a dispositive motion solely based on the plaintiff's failure to respond under the Local Rules. *See Johnson v. Pettiford*, 442 F.3d 917, 918-919 (5th Cir. 2006). Accordingly, the Court will consider the motion and the plaintiff's pleading on the merits.

2

must review the record to determine whether is raises a genuine issue of material fact regarding the limitation bar. *Triplett*, at 212; *see also* FED. R. CIV. P. 56, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (burden is on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact).

The applicable regulations permit judicial review of an Appeals Council decision providing that the action is "instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual. . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c) (2014). "[T]he date of receipt or notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*

Here, the record shows that the Appeals Council denied review on April 15, 2013, but Hair failed to file for judicial review in this court until February 21, 2014. To be timely, she was required to commence this action on or before June 19, 2013, pursuant to 20 C.F.R. § 422.210(c). She filed suit over eight months beyond her deadline to do so. Plaintiff failed to respond to the motion to dismiss and accordingly has not shown good cause or argued for equitable tolling which would excuse the delay. The Court must accordingly find that her suit is time-barred. *See, e.g., Scott v. Astrue*, 239 F. App'x 43, 44 (5th Cir. 2007) (per curiam). No genuine issue of material fact exists on the timeliness of suit. The Commissioner is therefore entitled to dismissal of plaintiff's claims against her and judgment in favor of the Commissioner.

### III. Conclusion and Order of the Court

Based on the findings and conclusions stated herein, the Court therefore **ORDERS** that the defendant's motion to dismiss (doc. #9) is **GRANTED**. The Court will enter final judgment separately.

**SIGNED this the 22nd day of May, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE